## Case No. 3,961.

### DOGGETT v. EMERSON et al.

[1 Woodb. & M. 1.] [1]

Circuit Court, D. Maine. Oct. Term, 1845.

EQUITY PRACTICE — HEARING IN VACATION BY AGREEMENT—DEATH OF JUDGE — ENTRY OF DECREE—OPINION—REHEARING—NOTICE.

1. A case heard and decided in vacation before one judge, by agreement of the parties, is to be considered as if heard and decided before and by the court.

2. If the decree be not actually entered till after the judge dies who drew it up and announced it, an entry of it may be made at the next term.

3. The intervening death of the judge, in such a case, is no objection, and no ground, for a rehearing, if an opinion was actually delivered; but otherwise, if only prepared. To justify a rehearing, it is not sufficient to satisfy the court, that the opinion may have been erroneous in law, if there was no mistake as to the law or fact when it was given.

[Cited in Hunter v. Marlboro, Case No. 6,908.]

4. A court may alter its judgment at any time before it is entered up; or, if entered, before it is made final to be carried into effect. But it should not be altered without notice to both parties, if it has before been announced, nor without the full hearing and adequate causes which take place and justify rehearings usually in chancery.

[Cited in Jenkins v. Eldredge, Case No. 7,269; The Illinois, Id. 7,003; U. S. v. Garcia, Id. 15,186; Giant Powder Co. v. California Vigorit Powder Co., 5 Fed. 201.]

This was a bill in equity pending here at the last May term for argument. The pleadings and evidence being closed, and sufficient time not existing then for the hearing, it was mutually agreed by the parties to have it heard in the vacation at Boston. The cause was accordingly argued there, at length, before the presiding judge of the circuit court for this district, the other not wishing to take part in the case, though not asking to be excused on account of any interest or connection with the parties, nor declining to take part in it when necessary. In August last, in the presence of the counsel for both parties, and both assenting to the act, an opinion on the case was delivered in writing by the presiding judge. [Case No. 3,960.] It was in favor of the plaintiff; and in order that it might be entered on the record by the clerk here, the form of a decree was sketched by the judge in conformity to the opinion, and corrected in the presence of the counsel; and a blank filled up with the name of a master in chancery, mutually acceptable to the parties, for making a further report in the case. This paper was then handed with the opinion to the gentleman who reports the decisions of the court, in order that it might be transmitted to the clerk here;—but it was not in fact forwarded till the 9th of September, three days after an adjourned term of the circuit court closed here, and hence was not entered at that session.

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

The next day after it was forwarded, the presiding judge died, and at this term the plaintiff by his counsel, William Fessenden, moved the court to enter and carry into effect the decree.

This was objected to by the counsel for the respondents, W. Preble and J. Rogers.

WOODBURY, Circuit Justice. It will conduce to a more correct understanding of the several objections, which have so ingeniously been urged against this motion, to consider how the case would stand, independent of the death of Judge Story.

Could it be urged with effect or plausibility that only one judge was present or participated in the opinion and decree, if that judge had not died before the decree was actually entered on the docket? We think not. Because the hearing before only one judge, and an opinion rendered, or decree prepared only by one judge of this court, where the other is either absent, or desirous not to take part in them, is a very common practice, and is legal. On the contrary, if both choose to be present, and to take part in a cause, it is undoubtedly true, that no binding decision can be made without the cooperation and union in views of both judges. The opinion and decree, therefore, in this case, were not invalid because given by one judge alone, when the other wished to be excused from taking part in the hearing and decision at Boston, and did take no part, and the parties through their counsel had their hearing voluntarily before the other judge alone. "Volenti non fit injuria." Plowd. 501; 4 Bing. 628. Next, it cannot impair the validity of the opinion and decree, that the hearing was had and they were made in the vacation. Because such is often the practice for the convenience of the parties themselves; and when assented to, as in this case, by them, and attended on by them, no court of law, much less of equity, could permit either of them on that account to impeach their validity. Gould v. Oliver, 2 Scott N. R. 241. Nor is it any sound objection to such an opinion and decree, that the entry of them, or the results of them on the docket, is not made till the next stated term in the district, though an adjourned term may intervene. It is understood in such cases that they shall be seasonably carried into effect; and a delay of one or two weeks, when at a distance and not extending beyond the next stated term of the court in the district, would not seem unreasonable, or beyond the presumed spirit of the agreement concerning cases thus heard and thus to be disposed of.

We come next to the only other objection, except that which grows out of the intervening death of the presiding judge. It is, that till the decree is actually entered on the docket, and probably till the close of the term, it may be reviewed, amended or an-

nulled. Hudson v. Guestier, 7 Cranch [11 U. S.] 1. This is true; but it is still, before entered, if made by the court, a decree showing the judgment of the court. It shows what is the decree of the court as much as an opinion, read by one of the judges in the court room, containing the views of the court, shows the opinion of the court. If both are completed and announced to the parties at the time and place agreed by them, they are finished, except the mere entry of them on the docket and record. The subsequent steps are rather steps to enforce or carry them into effect, than parts of the opinion and decree themselves. But as an entry is necessary to complete their operation and give them full effect, like an enrollment of a decree or a signature of it by the chancellor in England, it is in the power of the court to make changes in them before that is done, and probably before the term closes at which the entry is made. Such changes, however, after the opinion and decree have been formed and communicated to the parties, would be altogether destructive of judicial consistency and firmness, as well as public policy, unless made upon good and urgent cause, on a full rehearing by both parties.

The intervening death of the judge, who delivered the opinion and made the decree of the court, is, in our view, not such a cause. Both of these—the opinion and decree—were acts of the court, and not of the judge personally, and hence it is not necessary he should make or see to the entry of the decree, but other judges or the court can see to it. [Life & Fire Ins. Co. v. Wilson] 8 Pet. [33 U. S.] 291, 303. Both may be altered by the court, but not by the judge delivering it after communicated to the parties, except he continues alone to represent the court in that case; and they may be altered by other judges when representing the court, as well as by him who formed them originally. Here, the same court exists now as then, and with the same powers. To justify an alteration, then or now, in an opinion once pronounced or in a decree once made, but not entered, there must be shown some obvious mistake of law, or some obvious mistake of fact; or some new matter since discovered, entirely changing the grounds of the former opinion and decree. Indeed there must be something tantamount to what would justify a new trial. A rehearing is not granted for mistake of counsel as to the force of evidence, nor if facts are wished to be introduced by a supplemental bill, which are merely cumulative. And there must be a supplemental bill in such cases, if there be newly discovered evidence such as to justify a revision. Baker v. Whiting [Case No. 786]; 16 Ves. 350; 17 Ves. 178; Dexter v. Arnold [Case No. 3,856]. But nothing of this kind is pretended here; nothing beyond that difference in views as to the law and facts, which usually exists between opposing parties or counsel, and which are probably in no respect stronger now, than they were when the case was first argued.

A rehearing merely for the intervening death of a judge, who pronounced the opinion, would be neither for a mistake shown in law or fact, nor for a new discovery of what showed the former opinion and decree to be erroneous. A rehearing can be had in equity on a petition, even after judgment, but not of course. It rests in the discretion of the court, and probably is where the judgment is not final, or not yet executed. Daniel v. Mitchell [Cases Nos. 3,562 and 3,563]. For in The Avery and Cargo [Case No. 672], it is said the court will not grant a rehearing at a term subsequent to that at which it was finally decided. See [Sibbald v. U. S.] 12 Pet. [37 U. S.] 492; The New England [Case No. 10,151]; 3 Dow. 157. Is there, then, any other conceivable principle, why his death should affect the question one way or another? It may be said that the opinion and decree are not, and may not be, the opinion and decree of the court at the time when the decree is to be entered up. So it may be said always, where cases are continued nisi, that the opinions, rendered on the circuit after the term, may not be the opinions of the court at the time the court was held, as a change in views may have been produced in the same judges, or new ones may have been appointed in the case of old ones deceased, and of different views from them. But that is never the inquiry, or the test. On the contrary, it is, was the opinion rendered by the court, and at the time and place agreed by the parties? and was it, or is it to be, entered substantially at the term agreed? Thus here, if the opinion and decree were given at the time and place virtually agreed by the parties, and the decree is now entered at the time and place proper under that agreement, no intervening death of a judge can be any ground for re-opening or invalidating them. Where a court has been changed between the formation of an opinion and the delivery of it, or a judge dies with opinions on file and never delivered, and decrees never completed in their details, nor communicated to the parties in court, or at an agreed hearing in vacation, it is admitted that the whole ground fails, that exists here for sustaining and entering up this decree. A court changed is not the same court. An opinion, not delivered, or a decree, not drawn up in detail, may never be uttered or made as proposed. But here the opinion was actually delivered, and read to the parties.[2] The decree was framed after a full hearing, and also communicated to them, and then handed to the reporter, in order that it might be, as it afterwards was, transmitted to the clerk of the court to be properly entered as the act of the court. It is in our discretion now, to be sure, not to enter it; but it would be a violation

---

[2] It is now published in Doggett v. Emerson [Case No. 3,960].

of the evident intention of the parties themselves and of the equities of the case, as well as of analogies and the encouragement of needless delay and litigation, not to carry it into effect, if neither such a mistake, nor such a fraud, nor such a discovery of new facts are pretended here as would justify a rehearing in other cases. Where judgment has been rendered by one judge, and he dies, his successor must certify or sign it, else a mandamus lies. Life & Fire Ins. Co. v. Wilson, 8 Pet. [33 U. S.] 291. And the mandamus would be, not to order him to give, or reverse a judgment; but merely to authenticate what his predecessor had done, so as to bring it up here, if either of the parties wish to have it revised.

It is a great satisfaction to know that, in coming to this conclusion, the respondent is not precluded from a revision of the original decree by a still higher tribunal, if it be erroneous; and, under the force of this circumstance, with the other considerations mentioned, the court feels bound to direct that the decree be entered and carried into effect. Motion granted.

[NOTE. This cause was subsequently heard on exceptions to the master's report, and also upon an application by respondent Norcross to be allowed to put in evidence, under a cross bill, a discharge in bankruptcy obtained by him. See Case No. 3,962.]